## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND )
ETHICS IN WASHINGTON )
1400 Eye Street, N.W., Suite 450 )
Washington, D.C.  20005 )
                                      )
            Plaintiff, )
                                      )
        v. )          Civil Action No.
                                      )
SECURITIES AND EXCHANGE )
COMMISSION )
100 F Street, N.E. )
Washington, D.C.  20549 )
                                      )
           Defendant. )

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

    1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the Securities and Exchange Commission ("the SEC") to respond to the request of plaintiff for disclosure of records related to reforms recommended by Boston Consulting Group and implemented by the SEC in the wake its continuing failure to detect multi-billion dollar Ponzi schemes perpetuated by Bernard Madoff and Allen Stanford.

    2.  This case seeks declaratory relief that the SEC is in violation of the FOIA, 5 U.S.C. §§ 552(a) and (b), for failing to respond to plaintiff's request for records and injunctive relief ordering defendant SEC to process immediately the requested records in their entirety.

## JURISDICTION AND VENUE

    3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the SEC pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a nonprofit corporation, organized under section 501(c)(3) of the Internal Revenue Code.  CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials.  CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials, federal agencies and entities, and their actions.  To advance its mission, CREW uses a combination of research, litigation, and advocacy.  As part of its research, CREW uses government records made available to it under the FOIA.

5.  CREW has invested considerable organizational resources in pushing the U.S. government to take issues of ethics and responsibility seriously.  CREW monitors closely the laws and rules applicable to government agencies and government officials.

6.  CREW is harmed by the SEC's failure to comply with the FOIA because that failure hampers CREW's ability to satisfy the compelling public need for full, accurate, and current information on the steps the SEC has taken to address systemic problems in its Enforcement Division.  Absent this critical information, CREW cannot advance its mission of educating the public to ensure the public continues to have a vital voice in government and, in particular, understands the extent to which the SEC has implemented meaningful reform.

7.  Defendant SEC is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702.  The SEC is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9.  An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

10.  In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).  Any such delay may not exceed an additional ten working days beyond the initial 20-working-day period mandated by the FOIA.  Id.

11.  An agency must produce all responsive records except to the extent they, or any portion thereof, fall into one of nine specified exemptions.  5 U.S.C. § 552(b).

12.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

## FACTS UNDERLYING PLAINTIFF'S PRAYER FOR RELIEF

13.  From at least 1992 through 2008, Mr. Madoff perpetrated a colossal Ponzi scheme involving approximately $65 billion.  Mr. Madoff turned himself in to authorities in December

2008, and subsequently pleaded guilty to 11 criminal counts.  In June 2009, he was sentenced to 150 years in prison.

14.  On February 17, 2009, the government charged Mr. Stanford with operating a large Ponzi scheme involving approximately $8 billion.  Mr. Stanford surrendered to authorities on June 18, 2009, and currently is awaiting trial for the charges against him.

15.  In light of the SEC's failure to take any action to prevent these two Ponzi schemes, despite receiving numerous tips and other information about the fraudulent activities of Mr. Madoff and Mr. Stanford, the SEC purported to institute a number of comprehensive reforms to better detect and prevent these types of financial fraud in the future.  These reforms were derived both externally and internally from an outside consultant, the Boston Consulting Group, the SEC's Office of Inspector General, and the SEC itself.  The SEC has described these reforms on its website and in testimony before Congress.

16.  Soon after Mr. Madoff's arrest, the SEC's Office of Inspector General ("OIG") conducted a lengthy investigation into why the SEC failed to detect Mr. Madoff's Ponzi scheme. The OIG released several reports in August and September 2009, detailing the SEC's multiple failures and suggested 58 specific reforms.

**Plaintiff's FOIA Request and the Board's Response**

17.  On June 13, 2011, plaintiff sent a FOIA request by facsimile and mail to defendant SEC seeking records, regardless of format and including electronic records and information, related to the steps the SEC has taken to institute reforms in the wake of the Madoff and Stanford Ponzi schemes.  Specifically, CREW requested material related to the following categories of reform: (1) all records that reflect the steps the SEC has taken to implement and respond to the recommendations in the Boston Consulting Group's report, U.S. Securities and Exchange

Commission: Organizational Study and Reform;  (2) the memorandum, referenced in Ben

Protess, U.S. Regulators Face Budget Pinch as Mandates Widen, *New York Times*, May 3, 2011,

requesting that each SEC division and office compile a list of their top 10 priorities for hiring,

and the responses of each division and office to the memorandum; (3) the written corrective

action plans prepared by the SEC's Office of Compliance Inspections and Examinations

("OCIE") and its Division of Enforcement ("Enforcement") addressing the recommendations

made to their respective units in the OIG report, OCIE Regional Offices' Referrals to

Enforcement; (4) all minutes and agendas of meetings of the Home Office Referral Review

Committee and the "successor committee to the Home Office Referral Review Committee,"

referenced in the OIG report OCIE Regional Offices' Referrals to Enforcement; (5) all minutes

and agendas of the monthly meetings between Enforcement, OCIE, and other divisions to,

among other things, discuss issues raised in ongoing examinations, referenced in Enforcement

Director Robert Khuzami's May 13, 2011 testimony before the House Committee on Financial

Services, Subcommittee on Oversight and Investigations; (6) documents sufficient to show the

70 new positions created, or that will be created, in FY 2011, referenced in the SEC's FY 2011

Congressional Budget Justification; (7) documents sufficient to show the status and components

of the SEC's new management and leadership training programs, referenced in OCIE Director

Carlo di Florio's March 10, 2011 testimony before the House Committee on Financial Services,

Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises; (8) all

records sufficient to show the number of Industry and Market(s) Fellows hired since the position

was authorized; (9) all records from March 10, 2010 to the present related to the status of the

SEC's updated system for receiving, tracking, analyzing, and acting on tips, complaints, and

referrals, including but not limited to SEC administrative notices, and briefings, presentations,

and other records provided by the MITRE Corporation to the SEC; (10) all minutes and agendas of the regular meetings between the home office and regional offices to coordinate and monitor performance and compliance, referenced in OCIE Director Carlo di Florio's March 10, 2011 testimony before the House Committee on Financial Services, Subcommittee on Capital Markets, Insurance and Government-Sponsored Enterprises; (11) all records sufficient to show the steps the SEC has taken to improve coordination with other offices and divisions in the agency, referenced in the SEC's FY 2012 Budget Justification; and (12) all records sufficient to show the steps the SEC has taken to improve collaboration and teamwork across the examination and enforcement programs, including documents sufficient to show the "number of specific actions" taken, referenced in Fort Worth Regional Office Director Rose L. Romero's September 22, 2010 testimony before the Senate Committee on Banking, Housing, and Urban Affairs.

18. CREW sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures likely will contribute to a better understanding of relevant government procedures in a significant way, and the request primarily and fundamentally is for non-commercial purposes. Specifically, the requested records are likely to contribute to greater public awareness and understanding of the extent of the changes actually made by the SEC in the wake of its failure to detect the multi-billion dollar frauds of Bernard Madoff and Allen Stanford.

19. CREW also sought to be classified as a representative of the news media, and as such to not be charged search or review fees for this request. In support of this request, CREW explained how it reports on and analyzes information received from FOIA requests and how it also disseminates information to the public via its website, online newsletter, blog, and reports on government activities.

20. By letter dated June 20, 2011, the SEC acknowledged receipt of CREW's request and assigned it Request Number 11-08196-FOIA.

21. To date, the SEC has neither produced a single document to CREW nor withheld or otherwise accounted for any responsive documents. Nor has the SEC informed plaintiff of an anticipated date for completing the processing of plaintiff's FOIA request. Further, the SEC has not made a decision on CREW's fee waiver request including its status as a representative of the news media.

22. The statutory time for the SEC to respond to CREW's June 13, 2011 FOIA request has run out and plaintiff has constructively exhausted its administrative remedies. 5 U.S.C. §§ 552(a)(6)(C) and 552(a)(6)(B); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Plaintiff properly asked for records within the custody and control of the SEC.

25. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

26. The SEC wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of plaintiff's FOIA request.

27. Plaintiff has exhausted administrative remedies with respect to the SEC's wrongful withholding of the requested records.

28. Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Issue a declaration that defendant SEC has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request of June 13, 2011;

(2)  Order defendant SEC to process immediately the requested records in their entirety at no cost to plaintiff;

(3)  Order defendant SEC upon completion of such processing to disclose the requested records and make copies available to plaintiff at no cost to plaintiff;

(4)  Award plaintiff reasonable attorney fees and litigation costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5)  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann (D.C. Bar No. 298190)
Melanie Sloan (D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
  in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020

Scott A. Hodes (D.C. Bar 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone: (301) 404-0502
Fax: (413) 641-2833

Dated: October 13, 2011                    Attorneys for Plaintiff